UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KYISHA JONES,

    Plaintiff,

v.                                                                       Case No. 14-12107

JEH JOHNSON,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND DISCOVERY ORDER AND
EXTENDING DISCOVERY CUTOFF TO JUNE 30, 2020**

Plaintiff Kyisha Jones sues Defendant Jeh Johnson in his official capacity as Secretary of the United States Department of Homeland Security for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).[1] (ECF No. 15, PageID.241-42.) On October 11, 2018 the court granted summary judgment for Defendant. (ECF No. 86.) Plaintiff appealed to the Sixth Circuit, which on January 9, 2020, vacated the court's judgment and remanded the case for further proceedings. (ECF No. 91, PageID.2647.) The Sixth Circuit held that the court provided Plaintiff an inadequate opportunity to conduct discovery on certain issues. (*Id.*) On March 4, 2020, this court issued an order granting discovery on each of the issues noted as insufficiently explored in the Sixth Circuit's opinion. That order was designed to follow

---

[1] The name of Defendant Secretary is listed as Jeh Johnson. However, the Secretary is now Chad Wolf. The court will order that the name of Defendant Secretary be changed on the docket. Fed. R. Civ. P. 25(d) (Where a public official sued in her official capacity "dies, resigns, or otherwise ceases to hold office while the action is pending," "[t]he officer's successor is automatically substituted as a party.").

the panel's opinion and to include every area of discovery the Sixth Circuit addressed. (ECF No. 93.) The order gave the parties until April 22, 2020 to complete discovery. (*Id.*). Plaintiff now moves to amend the court's March 4 order, arguing that it does not comply with the Sixth Circuit's opinion.

Plaintiff does not, however, specify any records or testimony that are relevant but not included in the court's order and for that reason remain beyond Plaintiff grasp.[2] Instead, she contends the order *may* not encompass discovery that Plaintiff *may* need *in the future*. Without an argument as to more specific discovery Plaintiff is owed but which Defendant has refused to provide, the court cannot be expected to speculate about such inchoate discovery needs. *See* Fed. R. Civ. P. 37(a)(1) (Before moving the court to compel discovery, a litigant must first certify "that [she] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); E.D. Mich. L.R. 7.1(a)(1) ("[A] movant must ascertain whether [a] contemplated motion . . . will be opposed.").

Plaintiff's motion will be denied. She may pursue discovery as provided in the court's March 4 order. Defendant must make available to be deposed David Beculheimer, John Nowack, Roderick Blanchard, Karene Smith, Robert Stockett, and a knowledgeable Human Resources representative. (ECF No. 93, PageID.2658-59.) Defendant must also produce certain disciplinary and evaluative materials, and

---

[2] Plaintiff does mention that she has access to her personnel record but would like Defendant to produce it anyways. The court does not find this necessary, although it leaves open the possibility Plaintiff may need Defendant's copy of her personnel record if there is reason to believe Plaintiff's copy contains material differences. Fed. R. Civ. P. 26(b)(1) (allowing discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Plaintiff has yet to substantiate such an argument.

employment records. (*Id.*) This can be done on Defendant's own initiative (which the court urges) or in response to written discovery requests.

The Sixth Circuit mentioned that after the discovery was produced, "[Plaintiff] may need further discovery, e.g., to depose Blanchard regarding the newly discovered evidence." (ECF No. 91, PageID.2646.) If Plaintiff finds it necessary to pursue discovery concerning the information obtained as a result of the court's March 4 order, she must present that request to Defendant, meet and confer with Defendant if disputes arise, and if concurrence is not obtained, move the court to compel tailored discovery.[3] Fed. R. Civ. P. 37(a)(1); E.D. Mich. L.R. 7.1(a)(1). Only then can the court consider properly whether Plaintiff's requests are relevant or proportional, or if Plaintiff "has had ample opportunity to obtain the information" sought. Fed. R. Civ. P. 26(b)(1), (2)(C)(ii). However, future requests must be limited to narrow follow-up inquiries, "tailored," as the court noted above. The Sixth Circuit did not grant Plaintiff *carte blanch* to engage in any area of discovery she so chooses. The court has already granted previous requests from Plaintiff to obtain additional discovery. (ECF No. 72 (The court's April 20, 2018 opinion granting Plaintiff's April 2018 motion to compel); ECF No. 67 (The court's

---

[3] The practice of seeking concurrence is expected to honor more than the mere formality of contacting opposing counsel, absent any discussion or explanation intended to actually accomplish the substance of the issue by agreement. In that regard, the court observes that as to Plaintiff's instant motion, she avers that "[o]n March 10, 2020, Plaintiff sought concurrence in this Motion, which was not granted." (ECF 95, PageID.2666.) No detail of any kind is presented. How was the contact made? What issues were discussed? The docket entry for Plaintiff's motion reveals that it was filed the same day, March 10, 2020, at 9:52 a.m. EDT. The court is dubious that much discussion at all aimed at agreement could have occurred in the hour or so between the ordinary opening of business that day at about 9:00 a.m. and the docketing of the motion some minutes before 10:00. Counsel are advised to do more than pay lip service to the Local Rule.

February 13, 2018 opinion granting in part and denying in part Plaintiff's December 2017 motion for discovery).)

Plaintiff makes the tendentious claim that the court's March 4 order did not apply to Defendant. (ECF No. 95, PageID.2676 ("Th[e] language [in court's order] specifically applies to Plaintiff's duty without delineating a duty for Defendant.").) In fact, the order was directed at Defendant, ordering him to provide records and allow Plaintiff to depose his employees. The court concluded by ordering that discovery "[be] completed" before April 22, 2020. That language reads as a command that Defendant comply with the court's directives and cooperate in good faith with Plaintiff's discovery. The court reiterates Defendant's obligation going forward.

Recent events relating to the Coronavirus Disease (COVID-19) outbreak have affected the timeline of discovery. On March 13, 2020, the Eastern District of Michigan issued an administrative order postponing in-court appearances before any District Judge or Magistrate Judge. United States District Court Eastern District of Michigan, Administrative Order 20-AO-021 (2020). The outbreak and spread of COVID-19 resulted in a declaration of emergency from both the federal government and the State of Michigan. Given the substantial travel restrictions around the country and guidelines issued by the Centers for Disease Control and Prevention regarding social distancing, the court finds it necessary to postpone the court's April 22, 2020 discovery cutoff. Centers for Disease Control and Prevention, *Social Distancing, Quarantine, and Isolation* (last visited April 10, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html.

4

Both Plaintiff and Defendant concur. The discovery cutoff will be extended to June 30, 2020, subject to change considering the evolving public health environment. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Amend/Correct Court's March 4, 2020 Discovery Order" (ECF No. 95) is DENIED.

IT IS FURTHER ORDERED that the discovery cutoff is EXTENDED to **June 30, 2020**.

Lastly, IT IS ORDERED that the name of Defendant Secretary is changed on the docket from Jeh Johnson to Chad Wolf.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 21, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 21, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\14-12107.JONES.MotiontoAmendandExtendingDiscovery.RMK.RHC.docx